UNITED STATES DISTRICT COURT RECEIVED
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2017 APR 19 A 11: 43

**SHARON J. MOTLEY,**

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**Plaintiff,**

v.                                                         Case No.:  2:17-cv-241

**SYKES ENTERPRISES,
INCORPORATED, a Florida
Corporation,**

            **Defendant.**

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332 1441 and 1446, Defendant Sykes Enterprises,

Incorporated (hereinafter "Defendant"), through its undersigned attorneys, hereby gives notice that

the civil action currently pending in the Circuit Court Montgomery County, Alabama, identified

as *Sharon Motley v. Sykes Enterprises, Incorporated,* a Florida corporation, Case No. 03-cv-2017-

900416, is removed to this Court without waiving any rights to which Defendant may be entitled,

and says:

1.      Pursuant to 28 U.S.C. §1446(a), copies of all record documents, including all

orders, pleadings, and process which have to date been served upon Defendant are attached as

Exhibit A.

2.      The Complaint in the above action was filed in the Circuit Court of Montgomery

County on or about March 16, 2017 and served on March 20, 2017.

3.      In compliance with 28 U.S.C. §1446(b), this Notice of Removal is timely filed

within thirty (30) days of Defendant ascertaining that this case is removable.

1

4.       Removal of this action is proper under 28 U.S.C. §§ 1441(b) and 1332, diversity of citizenship jurisdiction.  This is a civil action brought in a state court of which the district courts of the United States have original jurisdiction because there is complete diversity of citizenship between Plaintiff and Defendant.  Plaintiff asserts she is a Montgomery County, Alabama resident (Exhibit A, Complaint ¶ 2).  Defendant is incorporated and maintains its principal place of business in Florida.  (See Declaration of Lori Graff attached as Exhibit B and Complaint ¶ 3).

5.       Although Plaintiff does not name a monetary amount in her Complaint, her asserted damages exceed the $75,000.00 threshold to establish this Court's jurisdiction.  In Count I, Breach of Contract, Plaintiff is seeking compensatory damages in an amount to be proven at trial, costs, interests, and any other relief to which she may be reasonably entitled.

6.       Based upon the allegations in Plaintiff's Complaint, her economic damages are straightforward.  At the time her employment ended, Plaintiff was training to become a customer care professional.  Individuals in this position assist customers of Sykes' clients with scheduling and other customer service needs.  The position paid $11.50 per hour.  Plaintiff had to complete an additional seven days of paid training before qualifying to work as a customer care professional.  In order to complete her training, she would been projected to work an additional 7.5 hours per day.  This would have equated to $603.75.  (See Exhibit B, ¶ 7).

7.       If Plaintiff completed her training, she would have been eligible to become a full-time customer care professional on January 21, 2016.  While the hours could fluctuate based upon the client's needs, Defendant scheduled full-time employees assigned to Plaintiff's anticipated account for 37.5 hours per week.  If she had worked full-time from the date she first became eligible to April 18, 2017, Plaintiff could have earned $27,815.63 in regular pay if she worked 37.5 hours per week.  (See Exhibit B, ¶¶ 8-9).

2

8.    In addition to her hourly wage, Plaintiff signed up to participate in Defendant's benefits program upon being hired. She would have been eligible for company provided benefits on March 1, 2016. Pursuant to Defendant's policy, the company would have contributed $31.54 per month for Plaintiff's benefits if she selected coverage for an individual benefit package. Plaintiff would have been eligible for insurance benefits for 14 months had she remained employed through April 18, 2017. This would have equated to an additional $441.56. (See Exhibit B, ¶ 10).

9.    As a customer care professional, Plaintiff would have also been eligible to participate in Defendant's Total Rewards Program. Plaintiff elected to receive cash payments as her reward. Through this program, employees receive cash payments based upon the number of hours worked each quarter. Employees who worked on the same account as Plaintiff were able to earn similar rewards two to three times from January 2016 through the present. Based upon Plaintiff's hourly wage, she could have earned an additional $610.00. (See Exhibit B, ¶ 11).

10.    Plaintiff's total potential compensation from the day of her termination until April 18, 2017, could have been $29,490.94. (See Exhibit B, ¶ 12).

11.    While potential compensatory damages alone do not meet the diversity threshold, Plaintiff's non-economic damages claims satisfy this element. The fraud claim contained in Count II of Plaintiff's Complaint demands both compensatory and punitive damages. (Exhibit A, Complaint p. 8). While state law limits Plaintiff's potential punitive damages recovery, the potential restrictions exceed $75,000.00 as Defendant does not qualify as a small business under the applicable statute. Therefore, Plaintiff's potential punitive damages are capped "... at either three times the compensatory damages of the party claiming punitive damages or five hundred thousand dollars ($500,000), whichever is greater." Al St. § 6-11-21(a). Based upon Plaintiff's potential compensatory damages for the alleged breach of contract and fraud, Plaintiff's punitive

3

damages will be sufficient to establish diversity jurisdiction as they could potentially reach $500,000.00.

7. Pursuant to 28 U.S.C. § 1446(d), concurrent with the filing and service of this Notice of Removal, Defendants' Notice to Plaintiff of Removal has been served upon counsel for Plaintiff, John D. Saxon, John D. Saxon, P.C., 2119 Third Avenue North, Birmingham, Alabama 35203.

9. Further, pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, along with Defendant's Notice of Removed Action, has been filed with the Clerk of the Circuit Court for Montgomery County, Alabama.

WHEREFORE, Defendant requests this action currently pending in the Circuit Court for Montgomery County, Alabama be removed to the United States District Court for the Middle District of Alabama.

Respectfully submitted on this 19th day of April, 2017.

J. Tobias Dykes, Esq.
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
Two Chase Corporate Drive, Suite 120
Birmingham, AL  35244
(205) 252-9321
Email:  tdykes@constangy.com
         tampa@constangy.com
Attorney for Defendant

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of April, 2017 a true and correct copy of the foregoing document was furnished by email and U.S. Mail to the following:

John D. Saxon, Esq.
John D. Saxon, PC
2119 Third Avenue North
Birmingham, AL  35203
Email:  jaxon@saxonattorneys.com


_____
Attorney

5