
ELECTRONICALLY FILED
3/16/2017 3:25 PM
03-CV-2017-900416.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
TIFFANY B. MCCORD, CLERK

# IN THE CIRCUIT COURT OF
# MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| SHARON J. MOTLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: _____ |
| | ) |
| SYKES ENTERPRISES, | ) **JURY TRIAL DEMANDED** |
| INCORPORATED, a Florida | ) |
| corporation, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Sharon J. Motley, by and through her attorneys of record, and for her Complaint against Defendant, Sykes Enterprises, Incorporated, states as follows:

## NATURE OF THE CASE

1. This is a lawsuit brought by Plaintiff, Sharon J. Motley ("Plaintiff" or "Motley"), who has been affected by the conduct alleged in the claims set forth below, seeking permanent relief from unlawful breach of contract and fraud. The practices committed by the defendant violate Alabama state law.

## PARTIES AND VENUE

2. Motley is an adult female resident of legal age, and is a citizen who is domiciled in the State of Alabama and Montgomery County.

3.  Defendant, Sykes Enterprises, Incorporated ("Defendant" or "Sykes Enterprises"), is a Florida corporation doing business in Montgomery County, Alabama. Its Registered Agent is Paracorp, Incorporated, 2724 10th Avenue, Huntsville, Alabama 35805.

## STATEMENT OF FACTS

4.  Plaintiff was employed by Defendant, Sykes Enterprises, as a Customer Care Professional for Defendant in the Fall of 2015. Her start date of employment was December 2, 2015, and she was earning $11.50 per hour.

5.  Plaintiff was in the process of going through orientation and training for the at-home position, when she learned that Defendant was accepting applications for Defendant's new Call Center located in Montgomery, Alabama. Plaintiff was performing as instructed in the at-home position, and she had not received any adverse evaluations or verbal or written warnings while employed in the work-at-home position.

6.  Plaintiff informed her then-current recruiter, Lori Graff, that she was interested in the Customer Service Representative position at the Montgomery Call Center, and that she had previously made application for that position. Ms. Graff did not attempt to dissuade Plaintiff from applying for a transfer to that position and, in fact, she encouraged her to do so.

2

7. Plaintiff was contacted regarding her Call Center application by Kisha Hunter, another recruiter for Defendant, in early January of 2016.

8. On January 12, 2016, Plaintiff was informed by Ms. Hunter that she was accepted for employment in the Customer Service Representative position at the Montgomery Call Center location and that her employment would commence on February 1, 2016, subject only to her completing a background check. Plaintiff completed the paperwork to have the background check performed. Plaintiff informed Ms. Hunter, however, that she had just completed a background check with Defendant in connection with her work-at home position. Ms. Hunter stated that she would not have to undergo another background check because she was being transferred into a different position with the company.

9. In a telephone conference the following day, Plaintiff informed her then-recruiter for her current position, Ms. Graff, that she had been accepted into the new Call Center position, effective February 1, 2016, and she advised Ms. Graff that she desired to continue working in the work-at-home position until the beginning date of her new position.

10. Ms. Graff then conferenced in two higher-level management personnel of Defendant to discuss the situation with Plaintiff to gain their direction and approval for how to proceed. They advised Plaintiff that she would have to give up

3

her current work-at-home job in order to proceed with the new Call Center position. Accordingly, based on the representation that she was hired into the new position, Plaintiff agreed.

11. Contrary to Ms. Hunter's representation, Defendant did run a background check on her, and she was notified by e-mail from Ms. Hunter on January 22, 2016, that **"after careful review of her experience and background,"** that Defendant would not be proceeding with her application for employment.

12. Then, when Plaintiff attempted to return to the at-home work, Ms. Graff advised her that her employment had been terminated and she could not return to work.

13. Thereafter, Plaintiff filed for unemployment benefits due to the termination, and she was denied because Defendant claimed that Plaintiff was ineligible as she had voluntarily resigned her employment.

14. Plaintiff acted in reasonable reliance on the false representations of Defendant's representatives and she was harmed due to those false representations.

## COUNT ONE
## BREACH OF CONTRACT

15. Plaintiff adopts and re-alleges each and every allegation in this

4

Complaint as if set out anew herein.

16.     Plaintiff avers that Defendant breached its contract with her by engaging in the conduct set forth hereinabove.

17.     Specifically, Plaintiff avers that Defendant entered into a contract with her in January of 2016, when she agreed to leave a secure and remunerative position as Customer Care Professional with Defendant, which she did not have to do, in order to become Customer Service Representative in Defendant's Call Center in Montgomery, Alabama.

18.     Due to Defendant's promises, representations, assurances, and commitments to Plaintiff by its agents Graff and Hunter, acting in the line and scope of their employment, she was no longer an at-will employee of Defendant. Plaintiff was promised that she would be beginning employment at the Montgomery location of Defendant on February 1, 2016, in reliance on which she was willing to leave her then-current employment and indeed was directed to do so by Defendant's agents.

19.     Not only was Plaintiff denied the new position, she was denied the promise that she would not have to go through a second background check before being approved for the new position, that instead it was a transfer, not requiring a background check. Plaintiff was encouraged and advised to proceed with the application and acceptance of the new position by Defendant's agents, recruiters

5

Graff and Hunter, and others, to her detriment.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests the following relief:

    a.    That this Court enter judgment against Defendant for an award of compensatory damages in an amount to be proven at trial;

    b.    Costs;

    c.    Interest; and

    d.    Any and all other relief to which she may reasonably be entitled.

## COUNT TWO
## FRAUD

20. Plaintiff adopts and re-alleges each and every allegation in this Complaint as if set out anew herein.

21. Plaintiff avers that Defendant, by and through its agents, Graff and Hunter, who were acting within the line and scope of their employment with Defendant, caused and intended to cause, or negligently, inadvertently, or mistakenly caused, Plaintiff to rely on fraudulent material representations, or other wrongful acts, to her detriment by engaging in the conduct set forth hereinabove.

22. Specifically, Plaintiff avers that Defendant, through its agent, Hunter, made representations in or around January of 2016, which it did not live up to

6

regarding Defendant's acceptance of Plaintiff as an employee of the Call Center in Montgomery to begin on February 1, 2016. Further, Plaintiff was advised by Hunter that she would not have to go through another background check, which representation was also false. Defendant did, in fact, conduct an employment reference and background check which led it to withdraw its offer of employment, as evidenced by Defendant's email withdrawing its offer of employment to Plaintiff dated January 22, 2016.

23. Relying on the promises, commitments, representations and assurances of Defendant that Plaintiff had secured another position with Defendant effective February 1, 2016, Plaintiff accepted the direction of Graff and others that her employment as a work-at-home employee be ended and she left this secure employment in order to take the position with Defendant at the Call Center, as the Defendant's agents directed her to do.

24. The offer to Plaintiff of the new position was wrongfully withdrawn, and then Plaintiff was not permitted to return to the work-at-home position. Further, on the basis of reliance on the misrepresentations, Plaintiff was denied unemployment insurance benefits.

25. Plaintiff avers that the foregoing misrepresentations of material fact were false and known to the Defendant to be false, or were made wantonly,

7

recklessly, heedlessly, or negligently, without regard to the truth or falsity of the representations, or were made innocently or mistakenly, with the intention that Plaintiff rely on them and leave her employment in the work-at-home job to work for Defendant at the Call Center.

26. Plaintiff avers that she reasonably relied upon the aforementioned misrepresentations to her detriment, by leaving her then-current job, without the knowledge of the falsity of the misrepresentations.

27. Plaintiff avers that the misrepresentations of Defendant were intentional, gross, oppressive, malicious, and were committed as stated hereinabove with the intention of causing Plaintiff financial loss and economic hardship.

28. The wrongful conduct on behalf of the Defendant combined and concurred to proximately cause the Plaintiff to suffer financial loss, economic hardship, and mental pain and anguish.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests the following relief:

    a. That this Court enter judgment against Defendant for an award of compensatory and punitive damages in an amount to be proven at trial;

    b. Costs;

    c.    Interest;

    d.    Attorneys' fees; and

    e.    Any and all other relief to which she may reasonably be entitled.

**PLAINTIFF DEMANDS TRIAL BY A STRUCK JURY ON ALL CLAIMS SO TRIABLE.**

                                              Respectfully submitted,

                                              /s/ John D. Saxon
                                              **John D. Saxon**
                                              **Alabama Bar No. ASB-3258-O71J**
                                              **Donna S. Cude**
                                              **Alabama Bar No. ASB-7680-W18A**
                                              **Attorneys for Plaintiff**

**OF COUNSEL:**

JOHN D. SAXON, P.C.
2119 Third Avenue North
Birmingham, Alabama 35203
Telephone: (205) 324-0223
Facsimile: (205) 323-1583
Email:      jsaxon@saxonattorneys.com
                jhutchings@saxonattorneys.com

**PLAINTIFF'S ADDRESS:**

Sharon J. Motley
807 Westview Drive, Apt. C
Montgomery, Alabama 36108

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**:

SYKES ENTERPRISES, INCORPORATED,
A FLORIDA CORPORATION
C/O PARACORP, INCORPORATED, REGISTERED AGENT
2724 10th Avenue
Huntsville, Alabama 35805